UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:08-CV-1355-CDP |
| ) | |
| ALAN B. STAHL, ) | |
| ) | |
| Respondent. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner's "Response to Show Cause Order of September 30, 2008" [Doc. #4].[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action will be dismissed for failure to exhaust available state remedies.

### **The Petition and Response to Show Cause**

Petitioner, a pretrial detainee at the St. Charles County Jail, seeks a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. Because it appears that petitioner is a pretrial detainee and is not confined pursuant to a state-court judgment, the Court will construe this action as having been brought under

---

[1]On September 30, 2008, this Court entered a Memorandum and Order instructing petitioner to show cause as to why the Court should not dismiss the instant habeas petition for failure to exhaust available state remedies [Doc. #3].

28 U.S.C. § 2241. Petitioner has been charged with various traffic-related offenses; he states that he has been held in pretrial confinement since March 2008. Petitioner is challenging his ongoing state criminal proceeding. He claims, *inter alia,* that the "circuit courts of St. Charles County generally fail to timely take up Applications and do not fairly proceed on the merits of state and federal claims." In addition, he claims that "in creating the crime of Driving while Revoked," "Driving while Suspended/Revoked," and "Driving while Intoxicated," he has been subjected to "[j]udicial abuse and court clerk misconduct." He claims that there is an "unauthorized practice of cancelling properly 'noticed-up' pre-trial hearing conferences/Motion settings," and that the state court failed "to timely return 'filed' stamped copies of court filed materials upon written request." Petitioner also asserts that he was not timely provided a copy of the Information or Indictment at his arraignment and that his case is not "timely proceed[ing] to a fair determination on the merits." He further claims that his "cash only" bail terms are excessive and arbitrary, that "proper court Notices" are not sent out, and that there has been a failure to observe speedy trial guarantees.

Regarding petitioner's numerous claims of "[a]ffirmative prosecutorial misconduct," he asserts that the prosecutor is suborning perjury, "over-charging" him, and has failed to timely file documents. In addition, he claims that the prosecutor is arbitrarily using "false, insufficient Probable Cause Statements or Affidavit(s) in order to unfairly allow Executive Branch officer(s) to obtain legal process/warrants." Last, petitioner asserts a list of "cruel and unusual jail confinement and unfair practices," including harassment, inadequate cleaning supplies, "kid-size" meals, a denial of free telephone service to make arrangements for bail and visitation, and inadequate recreation opportunities. Petitioner requests his immediate release from custody.

In response to this Court's show cause order, petitioner claims that he has exhausted his available state remedies inasmuch as he has "previously filed an identical petition with the Missouri Court of Appeals" that was denied on August 12, 2008, and "an identical petition with the Missouri Supreme Court" that was denied on September 30, 2008.

### Discussion

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant

3

pretrial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (D. Wis. 1999).

In light of petitioner's allegations, the Court finds that the grounds raised in the instant petition do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Regarding petitioner's bare assertion that the state court has failed "to properly observe 'time standards' set by Supreme Court in observance of Speedy Trial guarantees," this Court notes that petitioner does not claim to have ever brought a motion for a speedy trial in state court. Moreover, in the instant action petitioner is not seeking a trial, but rather his immediate release. The Supreme Court stated in Braden, 410 U.S. at 493, that "nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Because petitioner will have the opportunity to raise constitutional challenges in the context of his state criminal proceedings, and if necessary, subsequent appeal(s) and post-conviction motions, he has failed to exhaust available state

remedies.  For these reasons, the Court will deny the instant habeas petition.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of December, 2008.

_____
**UNITED STATES DISTRICT JUDGE**